## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 09-123** |
| **DAVID SAMUELS** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** David Samuels' Motion for a New Trial brought under Rule 33 of the Federal Rules of Criminal Procedure (Doc. #462) is **DENIED**.

### BACKGROUND

On January 10, 2011, David Samuels proceeded to trial on a superseding indictment, in which he was charged with conspiracy to commit mail and wire fraud (Count 1), three counts of mail fraud (Counts 2-4), seven counts of wire fraud (Counts 5-11), use of fire to commit obstruction of justice (Count 12), and use of fire to commit mail fraud (Count 13). These counts all arose out of an alleged plot to murder Treyor August to collect on life insurance policies, and to burn a van allegedly used during the murder to destroy evidence and collect on an automobile insurance policy. Samuels was also charged with use of fire to commit mail fraud in a homeowners insurance scam in connection with a house fire that occurred on December 2, 2002, (Count 14), and making false statements to a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (Count 15).

On January 21, 2011, the jury returned a verdict of guilty on all charges against Samuels. This court sentenced Samuels to serve 60 months as to Counts 1 and 15, to run concurrently; 240 months as to Counts 2 through 11, to run concurrently; 120 months as to Count 12; 240 months as to Count 13; and 240 months as to Count 14, for a total of 900 months. The sentence in Counts 1

and 15; Counts 2 though 11; Count 12; Count 13; and Count 14 were ordered run consecutively to each other.

Sameuls appealed his conviction to the United States Court of Appeals for the Fifth Circuit. After a rehearing, the appellate court vacated Samuels' conviction on Count 4, and on either Count 12 or 13 at the government's election, finding Counts 12 and 13 to be duplicitous because they alleged that the defendant used one fire to commit two different criminal acts. The court of appeals affirmed all other counts of conviction, and remanded the case to the district court for resentencing.[1] After the case was remanded to this court, Samuels filed a motion for new trial as to Counts 12 and 13 pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

## ANALYSIS

Rule 33 of the Federal Rules of Criminal Procedure provides that a defendant may move the court to "vacate any judgment and grant a new trial if the interest of justice so requires." If the motion is based on newly discovered evidence, it must be made within three years after the verdict. FED. R. CRIM. P. 33(b)(1). However, if the motion is made on any other ground, it must be filed within fourteen days after the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(1).

Samuels filed this motion for a new trial more than two-and-a-half years after the jury rendered its verdict in this case. He does not offer any new evidence, but rather legal arguments. Thus, the motion had to be filed within fourteen days of the verdict, and is DENIED as untimely.

---

[1] The government chose to dismiss Count 12, because there is a restitution component to Count 13. Samuels' resentencing is set for January 23, 2014.

## CONCLUSION

**IT IS HEREBY ORDERED** David Samuels' Motion for a New Trial brought under Rule 33 of the Federal Rules of Criminal Procedure (Doc. #462) is **DENIED**.

New Orleans, Louisiana, this __18th__ day of December, 2013.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**