UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 09-123 |
| DAVID SAMUELS | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that David Samuels' Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. #536) is **DENIED**.

## BACKGROUND

This matter is before the court on David Samuels's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Samuels challenges this court's ruling on his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody arguing that the court incorrectly held that certain claims were procedurally barred.

In January 2011, a jury convicted Samuels of 15 counts, which included conspiracy to commit mail fraud, wire fraud, use of fire to commit obstruction of justice, use of fire to commit mail fraud, making a false statement and aiding and abetting. The court subsequently sentenced Samuels to serve 900 months in the custody of the Bureau of Prisons. After Samuels was successful on some of his claims on direct appeal, his sentence was reduced to 660 months imprisonment.

On August 24, 2015, Samuels filed his §2255 motion. Samuels argued that this court should set aside his conviction and sentence because his trial counsel was ineffective for failing to challenge the impartiality of the jury after the jurors inquired as to whether the defendants were in custody, and for failing to put forth evidence pertaining to a statement Samuels made to an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Samuels also argued that Count 1 of the Superseding Indictment was duplicitous; a violation of 18 U.S.C. 844(h)(1), which is

charged in Count 13 of the Superseding Indictment, was prescribed because it has a five-year statute of limitations; and, the charge in Count 13 of the Superseding Indictment was insufficient because Samuels was not separately charged with the underlying offense of mail fraud. Further, Samuels argued that there is new evidence proving his actual innocence as to Count 13.

The court denied Samuels' § 2255 motion holding that Samuels could not demonstrate that his counsel was ineffective under the standard set forth in Strickland v. Washington, 104 S.ct. 2052, 2064 (1984). The court also held that, because Samuels did not raise on direct appeal any arguments regarding Count 1 of the Superseding Indictment being duplicitous, the statute of limitations for 18 U.S.C. 844(h)(1), the insufficiency of Count 13 of the Superseding Indictment, and new evidence proving his actual innocence as to Count 13, he was procedurally barred from raising those claims in the collateral proceeding. This court declined to issue a certificate of appealability, finding that an appeal would not be taken in good faith for the reasons stated in the Order and Reasons denying Samuels' § 2255 motion. Thereafter, the United States Court of Appeals for the Fifth Circuit denied Samuels' motion for a certificate of appealabilty.

On April 12, 2017, Samuels filed the instant Rule 60(b) motion. Samuels argues that the court erred in finding that some of the claims he raised in his § 2255 motion were procedurally barred. The government argues that the court did not err because Samuels did not raise on direct appeal claims regarding Count 1 of the Superseding Indictment being duplicitous, the statute of limitations for 18 U.S.C. 844(h)(1), the insufficiency of Count 13 of the Superseding Indictment, and new evidence proving his actual innocence as to Count 13.

**ANALYSIS**

In a *habeas corpus* proceeding brought pursuant to 28 U.S.C. § 2255, a district court has jurisdiction to hear a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure, unless the Rule 60(b) motion constitutes a successive § 2255 motion. United Staets v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013). If the Rule 60(b) motion advances substantive claims, it is construed as a successive § 2255 motion, and the court does not have jurisdiction to consider it. Id. However, the court may consider the Rule 60(b) motion if it challenges "some defect in the integrity of the federal habeas proceedings." Id. For example, the court can consider a Rule 60(b) motion if it challenge the court's ruling that a failure to exhaust, a procedural default, or a statute-of limitations bar, precluded a determination on the merits of a claim. Balentine v. Thaler, 626 F.3d 842, 846 (5th Cir. 2010).

This court has jurisdiction to hear Samuels' Rule 60(b) motion because he argues that the court erred in finding that some of his claims were procedurally barred. Samuels states that his motion is made under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment, order or proceeding for "any other reason that justifies relief." Samuels argues that his claims are no longer procedurally defaulted because he raised the issues in the certificate of appealabilty motions. However, Samuels has not articulated a defect in the § 2255 proceeding regarding this court's procedural default holding because the record reflects that Samuels did not raise on direct appeal claims regarding Count 1 of the Superseding Indictment being duplicitous, the statute of limitations for 18 U.S.C. 844(h)(1), the insufficiency of Count 13 of the Superseding Indictment, and new evidence proving his actual innocence as to Count 13. Therefore, this court

correctly held that those claims were procedurally barred from review on a § 2255 motion. <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991). Samuels' Rule 60(b) motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that David Samuels' Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. #536) is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of May, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**