# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 09-123** |
| **DAVID SAMUELS** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant David Samuel's **Motion for Declaratory Judgment and Federal Question Jurisdiction** (Rec. Doc. 546) is **DENIED** without prejudice for lack of jurisdiction.

## BACKGROUND

Following a trial by jury, defendant was convicted in January 2011 of fifteen counts, which included conspiracy to commit mail fraud, wire fraud, use of fire to commit obstruction of justice, use of fire to commit mail fraud, making a false statement and aiding and abetting. The court subsequently sentenced Samuels to serve 900 months in the custody of the Bureau of Prisons. After defendant succeeded on some of his claims on direct appeal, his sentence was reduced to 660 months imprisonment.

In 2015, defendant filed a §2255 motion which the court denied. The court also declined to issue a certificate of appealability, finding that an appeal would not be taken in good faith for the reasons stated in the Order and Reasons denying Samuels' § 2255 motion. Thereafter, the United States Court of Appeals for the Fifth Circuit denied Samuels' motion for a certificate of appealability. A motion for relief from judgment was denied by the court in 2017, and the Fifth

Circuit also denied a certificate of appealability from that ruling.

## DISCUSSION

Defendant has now filed the instant motion for declaratory judgment, and while confusing, the gist of the motion appears to be that the Eastern District of Louisiana is not a properly constituted federal court of the United States, and thus defendant's conviction is infirm. As grounds for jurisdiction, defendant specifically invokes 28 U.S.C. §§ 1331, 2201, 2201, and 2241. Section 1331 applies to civil actions, and sections 2201 and 2202 provide for declaratory judgment relief when there is an independent basis for federal jurisdiction. Thus, the only potential basis for jurisdiction invoked by defendant is 28 U.S.C. § 2241. However, venue and jurisdiction for claims under section 2241 lie in the district in which the petitioner is in custody. Samuels is currently incarcerated in Coleman, Florida, outside of this district. Therefore, there is no basis for this court to exercise jurisdiction over Samuel's claim, and accordingly,

**IT IS HEREBY ORDERED** that David Samuel's **Motion for Declaratory Judgment and Federal Question Jurisdiction** (Rec. Doc. 546) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this  15th   day of September, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**