UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 09-123** |
| **DAVID SAMUELS** | **SECTION: "S" (3)** |

ORDER AND REASONS

**IT IS ORDERED** that the **Motion for Compassionate Release - Reduction in Sentence** (Rec. Doc. 561) filed by defendant, David Samuels is **DENIED**.

BACKGROUND

Defendant Samuels purchased a life insurance policy covering the life of his cousin and an automobile policy on his own van. He then hired a hitman to kill his cousin and attempted to claim the life insurance proceeds. He also burned the van, which had been used in the murder, and claimed insurance proceeds for it.

Following a trial by jury, defendant was convicted in January 2011 of fifteen counts, which included conspiracy to commit mail fraud, wire fraud, use of fire to commit mail fraud, making a false statement, and aiding and abetting. The undersigned subsequently sentenced Samuels to serve 900 months in the custody of the Bureau of Prisons. After defendant succeeded in having his conviction on two counts reversed on direct appeal, his sentence was reduced to 660 months imprisonment. Relevant to this motion, the amended sentencing judgment included convictions for counts 13 and 14, use of fire to commit obstruction of justice, pursuant to 18

U.S.C. § 844(h)(1). Defendant's §2255 motion filed in 2015, a motion for relief from judgment filed in 2017, and a motion to recall mandate and correct injustice filed in 2021, which was construed as a successive § 2255, were denied.

In the instant motion, defendant seeks relief under 18 U.S.C. § 3582, arguing that his health condition presents compelling circumstances that warrant his compassionate release. In the alternative, he seeks a reduction in sentence, contending that the First Step Act should be applied to the stacking provision in 18 U.S.C. § 844(h) in the same manner it was to 18 U.S.C. § 924(c), thereby eliminating his § 844(h) sentencing enhancement.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, for compassionate release, defendant must exhaust his remedies within the Bureau of Prisons ("BOP"), demonstrate that extraordinary and compelling reasons support compassionate release, and demonstrate that compassionate release is consistent with the objectives of 18 U.S.C. § 3553. Because the U.S. Sentencing Commission's policy statement was not amended to reflect the fact that prisoners may now bring motions themselves under § 3582, no binding policy

2

statements apply to prisoner-filed motions. United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021). Nevertheless, the policy statement and commentary thereon as to what constitutes "extraordinary and compelling reasons" justifying relief when the motion is brought by the BOP, inform the analysis as to what reasons are sufficiently "extraordinary and compelling" in prisoner-filed motions. United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied, 141 S. Ct. 2688 (2021).

In this case, the BOP has twice denied defendant's compassionate release requests, most recently in November 2021. The government acknowledges that defendant has exhausted his remedies within the BOP. Accordingly, the court considers the merits of defendant's motion to determine whether he has demonstrated that extraordinary and compelling reasons are present, and whether his compassionate release is consistent with the objectives of § 3553.

***Defendant's medical condition is not extraordinary and compelling.***

Defendant's medical diagnoses include type-2 diabetes, unspecified hyperlipidemia, obesity, low vision, hypertension, asthma, esophageal reflux, unspecified monoarthritis, degeneration of cervical disc, enthesopathy of the hip, ringworm, carpal tunnel syndrome, sinusitis, rhinitis, gout, and low back pain. He argues that these conditions are serious enough to warrant relief under § 3582.

The commentary to U.S.S.G. 1B1.13 provides useful guidance on when a medical condition provides an extraordinary and compelling reason justifying compassionate release. That commentary provides that extraordinary circumstances exist when the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or a

3

"serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A).

Samuels does not have any of the conditions itemized in the § 1B1.13 commentary. He is currently receiving treatment within the BOP for his conditions in accordance with evidence-based standards. As noted by the BOP in response to Samuels' request, his condition is stable, he is not terminally ill, and his life expectancy is normal for his age. He is not completely disabled, nor is he confined to a bed or chair. He is "able to independently attend to [his] activities of daily living and [his] medical condition does not affect [his] ability to function in a correctional setting." Rec. Doc. 566-3.

On this record, the court finds that defendant's medical condition does not constitute an extraordinary and compelling reason that would warrant compassionate release.

***If sentenced today, 18 U.S.C. § 844 would direct the same result as the previously imposed sentence.***

Defendant was convicted and sentenced, <u>inter alia</u>, on two counts of violating 18 U.S.C. § 844(h)(1). That statute provides:

> Whoever--
>
> (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States,
> . . .
> including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. In the case of a second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for 20 years. Notwithstanding any

> other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

Defendant was convicted on counts 13 and 14 of using fire to commit mail fraud, and sentenced to 120 months as to count 13, and 240 months as to count 14.

Defendant argues that extraordinary and compelling reasons are present justifying a reduction, because if he were sentenced today, he *should not be* subject to the enhancement provided in 18 U.S.C. § 844(h)(1), due to that provision's resemblance to 18 U.S.C. § 924(c), which also includes a stacking provision for defendants with multiple violations. According to defendant, this similarity means that "what applies to 924(c), would in fact apply to 844(h)." Rec. Doc. 561, 5. Extrapolating from this principle, defendant contends that the First Step Act amendments should be applied to § 844(h), eliminating the stacking provision with the result that an individual sentenced today under § 844(h) should be exposed to a lesser penalty than one sentenced prior the First Step Act. He further argues that some courts have granted compassionate release based on changes to § 924(c) brought about by the First Step Act, due to the disparity in sentences resulting from whether a defendant was sentenced prior to or after the First Step Act. Defendant points to the decision in United States v. Peoples, in which the court, noting the similarities between 924(c) and 844(h), stated that "defendant could argue that if, as the First Step Act says, Congress intends for a second or subsequent conviction under § 924(c) to be something other than another count of the indictment, the same construction should apply to the 'stacking' provisions of §844(h)." United States v. Peoples, 2021 WL 2414102 N.D. Ind.

5

June 14, 2021). He also emphasizes language by the Fifth Circuit in his appeal, when, in the context of determining whether, under § 844(h)(1), a single use of fire could be used to charge two separate felonies (i.e., use of fire to commit mail fraud, and use of fire to obstruct justice) the court stated that it was not compelled to reach a result different from one in a § 924(c) case, because "we perceive no other part of the statutory text that materially distinguishes § 844(h)(1) from § 924(c)(1)." United States v. Surtain, 519 F. App'x 266, 280 (5th Cir. 2013). Thus, Samuels argues that his sentence should be reduced to eliminate the § 844(h) stacking enhancement.

This argument overlooks a critical fact: while mandatory minimums for violations of multiple § 924(c) violations were amended by the First Step Act, no similar amendment has been made to § 844(h). It is true, as acknowledged in dicta by the court in Peoples, that parallels exist between the two provisions, and as noted by the court in Surtain, that their similarity permits reasoning by analogy in interpreting the two provisions. However, Congress did not choose to encompass § 844(h) in the First Step Act, or to enact other legislation eliminating its stacking provision. Thus, while a sentence for a § 924(c) conviction may differ depending on whether the conviction pre-dated or post-dated the First Step Act, the same is not true for §844(h). If defendant were sentenced today, he would be exposed to the exact same sentence as at the previous sentencing. Thus, no disparity in sentencing based on the date of defendant's sentencing exists that would constitute an extraordinary and compelling reason justifying a reduction.

### *United States. v. Davis* and *Sessions v. Dimaya* are inapplicable to defendant's case.

Defendant also argues that the Supreme Court's holdings in United States v. Davis, 139 S.

Ct. 2319 (2019) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), support a sentence reduction. In those cases, the Supreme Court held the definition of "crime of violence" provided at 18 U.S.C. § 924(c)(3)(B) (Davis) and 18 U.S.C. § 16 (Dimaya) unconstitutionally vague, and thus inadequate as a predicate for a sentencing enhancement. Defendant was not sentenced under either of those provisions, so neither case provides a basis for a sentence reduction.

### *Consideration of 18 U.S.C. § 3553 factors does not support a sentence reduction.*

Finally, the court also notes that consideration of the § 3553 factors does not support a sentence reduction. Under 18 U.S.C. § 3553(a), a court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Defendant argues that he is "extremely sorry for the death of his own cousin", and that he has aged out of any desire to participate in criminal activity. He contends that he is not a danger to the community, and he as made the most of the rehabilitative programs available to him in the BOP.

Defendant murdered his cousin to in order to collect on the proceeds of a fraudulently obtained insurance policy. The nature and circumstances of the offense do not support a reduction. Further, defendant has served less than half of his sentence. The court finds that a reduction would not adequately promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. Accordingly,

**IT IS ORDERED** that the **Motion for Compassionate Release - Reduction in**

**Sentence** (Rec. Doc. 561) filed by defendant, David Samuels is **DENIED**.

New Orleans, Louisiana, this  13th   day of June, 2022.

                                _____
                                **MARY ANN VIAL LEMMON
                                UNITED STATES DISTRICT JUDGE**