UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-123 |
| DAVID SAMUELS | SECTION: "S" (3) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant David Samuels' **Motion for New Trial Pursuant to Rule 33** (Rec. Doc. 592) is **DENIED**.

BACKGROUND

Defendant Samuels purchased a life insurance policy covering the life of his cousin and an automobile policy on his own van. He then hired a hitman to kill his cousin and attempted to claim the life insurance proceeds. He also burned the van, which had been used in the murder, and claimed insurance proceeds for it.

Following a trial by jury, defendant was convicted in January 2011 of fifteen counts, which included conspiracy to commit mail fraud, wire fraud, use of fire to commit obstruction of justice, use of fire to commit mail fraud, making a false statement and aiding and abetting. The court subsequently sentenced Samuels to serve 900 months in the custody of the Bureau of Prisons.

Following his direct appeal, on July 5, 2013, the United States Court of Appeals for the Fifth Circuit vacated defendant's convictions on Counts 12 and 13. The appellate court found that while a single fire facilitated two of defendant's offenses (namely, mail fraud and

obstruction of justice), the single fire could not support multiple sentences. Accordingly, it vacated defendant's convictions on the two fire-based convictions, and remanded the case to this court for reversal of one of the two Counts (at the government's election) and re-sentencing on the remaining count, which it deemed affirmed. Count 12 was vacated[1] and on January 27, 2014, defendant was re-sentenced to 660 months imprisonment.

Following the July 5, 2013 vacatur of Count 12, defendant filed a motion for new trial in October 2013, raising the same arguments as those raised herein, which was denied. In 2015, defendant filed a §2255 motion that the court denied. The court also declined to issue a certificate of appealability, as did the United States Court of Appeals for the Fifth Circuit. Subsequently, a Rule 60(b) motion for relief from judgment filed in 2017, a 2020 motion for declaratory judgment, a 2021 motion to recall mandate and correct injustice (construed as a successive section 2255), a section 3582 motion for compassionate release filed in 2022, a 2023 motion to dismiss indictment for failure to state a claim, and a motion seeking a writ of *audita querela*, have all been denied.

Defendant has now filed the instant motion for new trial pursuant to Federal Rule of Civil Procedure 33(a)(2). While he invokes section (a)(2), he cites and relies upon Rule 33(b)(2).[2] Accordingly, the court construes the motion as having been brought under Federal Rule 33(b)(2).

## DISCUSSION

---

[1] The government chose to dismiss Count 12 because Count 13 included a restitution component.

[2] In fact, there is no section 33(a)(2).

Rule 33 of the Federal Rules of Criminal Procedure provides that a defendant may move the court to "vacate any judgment and grant a new trial if the interest of justice so requires." If the motion is based on newly discovered evidence, it must be made within three years after the verdict. FED. R. CRIM. P. 33(b)(1). However, if the motion is made on any other ground, it must be filed within fourteen days after the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(2).

Defendant argues that once Count 12 was dismissed, the factual and legal landscape concerning all of the counts charged was altered, and thus he should have been granted a new trial. As previously noted, defendant raised the same argument in an earlier motion for new trial, which was denied by this court on December 18, 2013. In ruling on that motion, the court stated: "Samuels filed this motion for a new trial more than two-and-a-half years after the jury rendered its verdict in this case. He does not offer any new evidence, but rather legal arguments. Thus, the motion had to be filed within fourteen days of the verdict, and is DENIED as untimely." Rec. Doc. 465, 3.

This rationale applies equally to the instant motion. However, defendant argues that good cause exists to extend the time period for filing the motion, because he could not have brought it within 14 days of the verdict because the basis for his new trial motion, the vacatur of Count 12, had not occurred at that point. This argument lacks merit. Count 12 was vacated on July 5, 2013. Assuming the procedural interval for filing motions predicated on it did not start until then, over ten years have passed. This is well beyond any limitation set forth in Rule 33. The instant motion is DENIED as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that defendant David Samuel's **Motion for New Trial Pursuant to Rule 33** (Rec. Doc. 592) is **DENIED**.

New Orleans, Louisiana, this __25th__ day of August, 2023.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**