UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO:  09-123

DAVID SAMUELS                               SECTION: "S" (3)

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to for Judge to Recuse/ Disqualify Herself** (Rec. Doc. 642) is **DENIED**.

### BACKGROUND

In January 2011, defendant Samuels was convicted by a jury of fifteen counts, including conspiracy to commit mail fraud, wire fraud, use of fire to commit obstruction of justice, use of fire to commit mail fraud, making a false statement and aiding and abetting.[1] The court subsequently sentenced Samuels to serve 900 months in the custody of the Bureau of Prisons. After defendant succeeded on some of his claims on direct appeal, his sentence was reduced to 660 months imprisonment.

Samuels' section 2255 motion filed in 2015, a Rule 60(b) motion for relief from judgment filed in 2017, a 2020 motion for declaratory judgment seeking a ruling that the Eastern District of Louisiana is not a properly constituted federal court of the United States, a 2021 motion to

---

[1] The charges stemmed from Samuels' purchase of a life insurance policy covering the life of his cousin and an automobile policy on his own van. He then hired a hitman to kill his cousin and attempted to claim the life insurance proceeds. He also burned the van, which had been used in the murder, and claimed insurance proceeds for it.

recall mandate and correct injustice (construed as a successive section 2255), and a section 3582

motion for compassionate release filed in 2022, all have been denied. A motion to dismiss

indictment for failure to state a claim, a motion for writ of *audita querela* challenging jury

instructions, and a Rule 33 motion for new trial, all were denied in 2023. A Rule 60(b) motion

construed as a successive 2255 was denied in 2024. A "Motion for Actual Innocence Exception",

also construed as a successive 2255, was denied on April 8, 2025, and an additional 2255 was

filed on April 30, 2025 and transferred to the Fifth Circuit on May 6, 2025.

In the instant motion, Samuels seeks recusal of the undersigned, essentially arguing that

this history of denials establishes that the court is purposely misconstruing legal standards

because it is biased against him.

## DISCUSSION

Under title 28, section 455(a), a judge must recuse herself "in any proceeding in which

[the judge's] impartiality might reasonably be questioned."  When evaluating a recusal request,

courts consider "whether a reasonable and objective person, knowing all of the facts, would

harbor doubts concerning the judge's impartiality." United States v. Jordan, 49 F.3d 152, 155

(5th Cir. 1995) (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860–61

(1988)). A reasonable and objective person's viewpoint is that of a "well-informed, thoughtful

and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade

v. Chojnacki, 338 F.3d 448, 455 (5th Cir. 2003) (quoting Jordan, 49 F.3d at 156). Further, the

origin of judge's alleged bias is relevant. Id. "[J]udicial rulings alone almost never constitute a

valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 558

(1994)."[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

In the present case, Samuels does not attempt to meet the standard for recusal set forth in precedents interpreting 28 U.S.C. § 455(a). He has not alleged any facts that would cause a well-informed, thoughtful and objective observer to question the court's impartiality. Instead, Samuels argues for recusal on the very bases precluded from serving to justify recusal: the court's prior judicial rulings. The assertion that the undersigned misread or misapplied the law at various junctures "are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555. They do not address bias and impartiality. Thus, defendant has simply not pointed to any legitimate reason why the undersigned should not continue to preside over proceedings in this matter. Further, the court has no personal knowledge of the facts in this case outside of the record, no financial interest in the outcome of this matter, or relationships with any of the parties that would call its impartiality into question. Accordingly, there is no basis for recusal. Therefore,

**IT IS HEREBY ORDERED** that defendant's **Motion to Disqualify** (Rec. Doc. 642) is **DENIED**.

New Orleans, Louisiana, this  20th  day of May, 2025.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3